# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Hefei MAXYOYO Trading Co., Ltd., | |
| Plaintiff, | Case No. 2022-CV-6922 |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | |
| Defendants. | |

## COMPLAINT

Plaintiff Hefei MAXYOYO Trading Co., Ltd. ("MAXYOYO"), by and through its attorneys, The Law Offices of Konrad Sherinian, LLC, hereby brings the present action against the Partnerships and Unincorporated Associations (collectively, "Defendants") identified on Schedule A attached to the complaint and allege as follows:

## NATURE OF THE CASE

1. This lawsuit concerns Defendants' attempt to free-ride on the reputation, goodwill and commercial value of Plaintiff.

2. Defendants create and operate Internet online stores under one or more seller aliases that are advertising, offering for sale and selling unauthorized products bearing Plaintiff's Trade Dress to unaware consumers. Online stores operating under the seller

aliases share unique identifiers, establishing a logical relationship between them and that Defendants' infringing operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more seller aliases to conceal their identities and the full scope and interworking of their infringing operation. Plaintiff is forced to file this action to combat Defendants' unauthorized use of Plaintiff's Trade Dress, and protect unaware consumers from purchasing counterfeiting products.

3. Defendants have made extensive and unauthorized use of Plaintiff's Trade Dress when marketing and selling products to the public. Indeed, the unauthorized use of Plaintiff's intellectual property is the very foundation of Defendants' online stores.

4. Most saliently, Defendants have marketed and sold futon mattresses (the "Infringing Products") that are copies of Plaintiff's futon design including Plaintiff's unique stitching pattern, which Plaintiff claims as its Trade Dress and which has become well-known and exclusively associated with Plaintiff.

**Trade Dress**



5. Defendants are well aware of Plaintiff's rights in the Trade Dress and despite their awareness of Plaintiff's rights have decided to copy the trade dress in an attempt to free-ride on Plaintiff's goodwill.

6. The foregoing uses of the Trade Dress are intended to, and do, deceive consumers into believing that Plaintiff is affiliated with Defendants, and that Plaintiff has approved or endorsed the use of the valuable Trade Dress in connection with Defendants' online businesses and products.

7. Accordingly, and for the reasons set forth more fully below, Defendants are liable for, among other things, Trade Dress infringement, false association and false designation of origin, and unfair competition. Defendants should be enjoined from any further unauthorized use of the Trade Dress, and Plaintiffs are entitled to damages in an amount to be determined at trial.

## **PARTIES**

8. Plaintiff Hefei MAXYOYO Trading Co., Ltd. ("MAXYOYO") is a Chinese company located in the city of Hefei, Anhui Province, China.

9. Plaintiff MAXYOYO has been operating its online MAXYOYO store on Amazon.com for many years.

10. Defendants are individuals or business entities residing in foreign jurisdictions, such as the People's Republic of China. They own and/or operate online stores under the seller aliases, listed on the attached Schule A, to conduct business activity throughout the entire United States via online promotion, offering for sale, and importation and distribution of the Infringing Products bearing Plaintiff's Trade Dress. Defendants deceive unaware consumers by using the Trade Dress without authorization

or license from Plaintiff to use the Trade Dress. Each of the Defendants has targeted Illinois and this district by selling, offering to sell and/or knowingly assisting in the selling or offering to sell, the Infringing Products to Illinois consumers on Amazon.com and other e-commerce platforms.

11. On information and belief, Defendants, either individually or jointly, operate their online stores under the seller aliases identified in attached Schedule A. Defendants appear to be an interrelated group of infringers operating under different seller aliases. Defendants' online stores share certain common design elements, the same or similar Infringing Products that they offer for sale, similar product descriptions, the same or substantially similar shopping cart platforms, the same accepted currency of U.S. Dollar via PayPal and other well-known payment methods, the same or substantially similar check-out methods, and other similarities. Such similarities provide evidence to establish a logical relationship between them and suggest that Defendants' illegal operations arise out of the same series of transactions or occurrences. They also use various tactics to conceal their true identities and the complete scope of their illegal operation. Due to the tactics they deployed, it is virtually impossible for Plaintiff to ascertain Defendants' identities and their actual interworking. Plaintiff will amend the Complaint if and when Defendants' true identities become known to Plaintiff.

## JURISDICTION AND VENUE

12. This is an action for unfair competition, false association, and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

13. This Court has original subject matter jurisdiction over the federal claims pursuant to 15 U.S.C. § 1051, et seq., 28 U.S.C. §§ 1331 (federal question jurisdiction),

and 28 U.S.C. § 1338(a) (original jurisdiction for trademark claims). Jurisdiction over the related state law claims, which derive from a common nucleus of operative facts with the federal claims, is based on 28 U.S.C. §§ 1367 (supplemental jurisdiction) and 1338(b) (original jurisdiction for unfair competition claims when joined with related claims under the trademark law).

14. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and this Court may properly exercise personal jurisdiction over Defendants. Each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through their operation of, or assistance in the operation of, the fully interactive, commercial Internet stores operating under the seller aliases and online marketplace accounts identified in Schedule A attached hereto (collectively, the "Defendant Online Stores"), as well as the shipment of products offered for sale on those Defendant Online Stores. Specifically, Defendants are involved in the production, listing for sale, sale, and/or shipping of products to Illinois residents that use infringing copies of Plaintiff's Trade Dress. Defendants have committed and knowingly participated in the commission of tortious acts in Illinois, causing Plaintiff substantial injury in the State of Illinois.

## FACTUAL BACKGROUND

15. Plaintiff MAXYOYO has been marketing the Trade Dress product via its online Amazon store since 2019.

16. MAXYOYO offers numerous products incorporating the Trade Dress including the product listed on Amazon.com that is shown below:



17. The screenshot of the Trade Dress Listing shows that, as of November 28, 2022, there have been 8,739 consumer reviews of the Trade Dress Listing.

18. About 53% of the consumers reviews are "5 star" reviews while about 16% of the consumers reviews are "4 star" reviews.

19. Plaintiff has used the Trade Dress in e-commerce for years and has achieved substantial success. Plaintiff has expended substantial money, time and other resources in promoting and advertising the Trade Dress.

20. The Trade Dress has become well-known to the public, and has developed tremendous goodwill, value and strength. Over the course of years, consumers have

come to associate futons incorporating the Trade Dress as being associated with Plaintiff. All of this is evidenced by thousands of positive customer reviews.

21. Seeking to capitalize and free-ride on the value and goodwill of the Trade Dress — and with knowledge that the public identifies futons bearing the Trade Dress as originating from, being associated with, or being approved by MAXYOYO — Defendants have manufactured, marketed, and sold products bearing the Trade Dress without seeking or obtaining authorization from Plaintiff MAXYOYO. None of the Defendants is authorized or licensed to use the Trade Dress.

22. On information and belief, unlawful online sellers routinely use false or inaccurate names and address when they register their online stores with third party e-commerce platforms that do not ascertain the online store owners' true identities. Defendants' true identities are not known.

23. In addition to substantial monetary damages, Defendants' conduct has caused, and will continue to cause, Plaintiff to suffer irreparable harm for which there is no adequate remedy at law.

24. Defendants' unauthorized use of the Trade Dress in connection with their online stores violate Plaintiff's exclusive intellectual property rights and creates an untenable situation in which Plaintiff cannot exercise control over its Trade Dress, goodwill, and reputation.

25. If Defendants are permitted to continue exploiting the Trade Dress for their own profit, consumers will continue to be deceived into believing that Defendants and their Infringing Products have been produced, authorized, endorsed, or sponsored by Plaintiff. This not only will continue to divert customers away from Plaintiff (causing

damages in an amount that would be difficult to ascertain with certainty), but also deprives Plaintiff of the ability to exercise critical quality control over products that bear the Trade Dress.

26. The inability to exercise such control is particularly problematic in connection with goods that are poorly designed or of poor quality, such as Defendants' products. Unless restrained by this Court, consumers will come to associate Plaintiff and the Trade Dress with shoddy products, damaging Plaintiff's business and goodwill.

## **COUNT I – TRADE DRESS INFRINGEMENT AND FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

27. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

28. Plaintiff is the exclusive owner of the Trade Dress.

29. The Trade Dress is valid, of great and incalculable value, is highly distinctive, and has become uniquely associated in the public mind with Plaintiff and Plaintiff's goods bearing the Trade Dress, denoting goods of the highest quality and reputation.

30. Without Plaintiff's authorization or consent, and with full knowledge of Plaintiff's well-known rights in the Trade Dress, Defendants willfully copied, lifted, misappropriated, counterfeited, and incorporated the Trade Dress into Defendants' products offered for sale and sold in interstate commerce, including but not limited to using the Trade Dress in connection with the marketing and sale of the Infringing Products.

31. Such uses of the Trade Dress by Defendants are intended to, and are likely to, confuse and deceive consumers into believing, initially or otherwise, that Plaintiff is

affiliated with, associated with, or the source of Defendants' products, and/or that Plaintiff has sponsored, endorsed, or approved Defendants' products and the use of Trade Dress thereon.

32. Defendants' acts demonstrate a willful intent to commercially exploit and trade on the goodwill associated with Plaintiff's Trade Dress and create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Infringing Products.

33. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Infringing Products to the general consuming public involves the use of the Trade Dress and is a willful violation of 15 U.S.C. § 1125.

34. Defendants' use of the Trade Dress has caused, and will continue to cause, irreparable injury to the value and goodwill of the Trade Dress, as well as to Plaintiff's business, goodwill, and reputation. Unless restrained and enjoined by this Court, such irreparable injury will persist.

35. In addition, Defendants' willful misconduct entitles Plaintiff to monetary damages, including but not limited to Plaintiff's actual damages, Defendants' profits, costs, and attorneys' fees.

**COUNT II – VIOLATION OF ILLINOIS UNIFORM DECEPTIVE
TRADE PRACTICES ACT (815 ILCS § 510, et seq.)**

36. Plaintiff realleges and incorporates by reference the previous paragraphs of this Complaint.

37. Defendants have engaged in acts violating Illinois law including, but without limitation, passing off their Infringing Products as those of Plaintiff, causing a likelihood

of confusion as to the source, sponsorship, approval or certification of their Infringing Products, and causing a likelihood of confusion as to an affiliation, connection, or association with Plaintiff's futon's bearing the Trade Dress. Defendants' unlawful conduct constitutes willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

38. Defendants' acts have caused, and will continue to cause, irreparable injury to the value and goodwill of the Trade Dress, as well as to Plaintiff's business, goodwill, and reputation. Unless restrained and enjoined by this Court, such irreparable injury will persist

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant as follows:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily and permanently enjoined and restrained from:

   a. using the Trade Dress or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of Plaintiff or is not authorized by Plaintiff to be sold in connection with the Trade Dress;

   b. passing off, inducing, or enabling others to sell or pass off any product including the Trade Dress as a genuine product that is not a product of Plaintiff's, or any

other product produced by Plaintiff, that is not Plaintiff's product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale;

c. committing any acts calculated to cause consumers to believe that Defendants' unauthorized products are sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. further infringing the Trade Dress and damaging Plaintiff's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Trade Dress, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Entry of an Order that, on Plaintiff's request, those with notice of the injunction, including without limitation, any online marketplace platforms such as Amazon, eBay, AliExpress, Alibaba, Walmart, Wish.com, Etsy, and DHgate (collectively, the "Third Party Providers") shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Trade Dress;

3. That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Trade Dress be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4. Plaintiff is further entitled to recover its attorneys' fees and full costs for bringing this action pursuant to 17 U.S.C. § 1117(a); and

5. Award any and all other relief that this Court deems just and proper.

Hefei MAXYOYO

Trading Co., Ltd.

Date:  December 9, 2022      By:  /Konrad Sherinan/
                                                                                                      An attorney for plaintiff

Attorneys for Plaintiff

Konrad Sherinian
E-Mail:  ksherinian@sherinianlaw.net
Jeffrey Dixon:
E-Mail: jdixon@sherinianlaw.net
The Law Offices of Konrad Sherinian, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone:  (630) 318-2606
Facsimile:  (630) 364-5825