IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Hefei MAXYOYO Trading Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | **Case No. 22-CV-6922** <br><br> **Judge Franklin U. Valderrama** <br><br> **Magistrate Judge Susan E. Cox** |

### PRELIMINARY INJUNCTION ORDER

Plaintiff Hefei MAXYOYO Trading Co., Ltd.'s ("Plaintiff" or "MAXYOYO") filed a Motion for Entry of a Preliminary Injunction against the fully interactive e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Online Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion as follows.

This Court finds MAXYOYO has provided notice to Defendants in accordance with the Temporary Restraining Order entered January 4, 2023, Dkt. No. 21 ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, MAXYOYO has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's protected trade dress to residents of Illinois. In this case, MAXYOYO has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the MAXYOYO trade dress. See Exhibit 1 to Declaration of Shahzaib Amin Malik, Dkt. No. 12, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the MAXYOYO trade dress.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of MAXYOYO's previously granted Motion for Entry of a TRO establishes that MAXYOYO has demonstrated a

likelihood of success on the merits; that no remedy at law exists; and that MAXYOYO will suffer irreparable harm if the injunction is not granted.

Specifically, MAXYOYO has proved a prima facie case of trademark infringement because (1) the MAXYOYO trade dress is a distinctive mark, (2) Defendants are not licensed or authorized to use the MAXYOYO trade dress, and (3) Defendants' use of the MAXYOYO trade dress is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with MAXYOYO. Furthermore, Defendants' continued and unauthorized use of the protected trade dress irreparably harms MAXYOYO through diminished goodwill and brand confidence, damage to MAXYOYO's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, MAXYOYO has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be temporarily enjoined and restrained from:
   a. using the protected trade dress of Plaintiff or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of the protected trade dress or

      not authorized by Plaintiff to be sold in connection with the protected trade dress;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine product bearing the protected trade dress or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control or supervision of Plaintiff and approved by Plaintiff for sale under the protected trade dress;

    c. committing any acts calculated to cause consumers to believe that Defendants' unauthorized infringing products bearing the protected trade dress are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear the protected trade dress; and

    e. further infringing the protected trade dress and damaging Plaintiff's goodwill.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

4

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of the Seller Aliases, including, without limitation, any online marketplace platforms such as Amazon.com, Inc. and Amazon Payments, Inc. (collectively "Amazon"), eBay, Inc. ("eBay"), PayPal, Inc. ("PayPal"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Walmart, Inc. ("Walmart"), ContextLogic Inc. d/b/a Wish.com ("Wish"), Etsy, Inc. ("Etsy"), and DHgate (collectively, the "Third Party Providers") shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

   a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the defendant online marketplaces listed on Schedule A and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective online marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their affiliates, officers, agents, servants, employees, confederates, attorneys and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, DHgate, Walmart, Etsy, Wish.com or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard, VISA and American Express).

4. Upon Plaintiff's request, those with notice of the injunction, including Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the protected trade dress.

5. Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, DHgate, Walmart, Etsy, and Amazon, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendants and the Seller Aliases and online marketplaces of Schedule A, including, but not limited to, any financial accounts connected to the information listed in

   Schedule A to the Complaint (Sealed – Dkt. No. 2), the contact information including e-mail addresses identified in Sealed Exhibit 1 to the Declaration of Shahzaib Amin Malik, Dkt. No. 12, and any contact information including e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 1 to the Declaration of Shahzaib Amin Malik and any e-mail addresses provided for Defendants by third parties. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiffs' Schedule A to the Complaint [Dkt. No. 2], Exhibit 2 to the Declaration of Shahzaib Amin Malik [Dkt. No. 12], and the TRO [Dkt. No. 21] are unsealed.

7

8. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

    a. the identities and locations of Defendants, their affiliates, officers, agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the online marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective online marketplaces.

    Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail.

9. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Sealed Exhibit 1 to the Declaration of Shazaib Amin Malik (Dkt. No. 12) and any e-mail addresses provided for Defendants by third parties that includes a link to said website.

The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

11. The ten thousand dollar ($10,000) bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

Date: February 3, 2023

ENTERED:

Judge Franklin U. Valderrama
United States District Court